ABRAM KEEL, EXR. V. HENRY RUDISELL.

1. BURDEN OF PROOF REGARDING A PAYMENT MADE ON A NOTE BARRED BY THE STATUTE OF LIMITATIONS.

Where a note on its face is barred by the statute of limitations, and a payment endorsed thereon is relied upon to bring it within the exception provided by section 4292, the party relying upon such payment has the burden of proving that it was in fact made. Especially in a case where the party sought to be charged puts such payment in issue by a denial thereof.

2. ENDORSEMENT OF CREDIT ON A NOTE IS NOT PRIMA FACIE EVIDENCE OF PAYMENT.

The introduction in evidence of a note with the endorsement of a credit on the back thereof, the credit not being made or acknowledged by the party sought to be charged, does not amount to *prima facie* evidence of such payment, and therefore, it is in no manner conclusive against the maker of the instrument.

3. PARTIAL PAYMENT BY ONE OF THE JOINT MAKERS, EFFECT.

Where one of the joint makers of a promissory note makes a partial payment, such payment will not prevent the running of the statute of limitations as to the other makers, but applies only to the person making the payment.

ERROR to the Court of Common Pleas of Hancock county.

FINLEY, J.

On the 5th day of November, 1872, one Wm. Kirtland, as principal, and Samuel Keel and Miner T. Wickham, as sureties, executed to defendant in error, Henry Rudisell, their promissory note.

Suit was commenced on said note by defendant in error, October 25, 1894, and therefore the note on its face was barred by·the statute of limitations; but a series of credits appear on the note, amongst others a small payment of date June 5, 1882.

It is conceded that unless this last payment was made, the note is barred by the statute of limitations, as all of the other payments appear to have been made more than fifteen years prior to the commencement of the action.

Samuel Keel, the surety, died March 19, 1893. This suit was brought against his executor to recover the amount of said note and interest.

The plaintiff in the action alleges, in the usual form, that the defendant is indebted to him on the promissory note, a copy of which is set out in the petition with the endorsements of payments thereon, in the sum of $274.14, for which he prays judgment.

The defendant, Keel, in his answer, denies each allegation of the petition, pleads the statute of limitations, and especially denies that any payment was made on said note on June 5, 1882.

Trial in the court of common pleas resulted in a verdict for plaintiff for the full amount of the note, and the defendant below, Abraham Keel, prosecutes error to this court to reverse the judgment of the court of common pleas.

The court, on the trial below, charged the jury that the burden of proof was on defendant, Keel, to show that the alleged payment endorsed on the back of the note was not made, which charge, amongst other things, is assigned for error here.

Some testimony was given on the trial tending to show that Wm. Kirtland, the principal maker of the note, had made the payment of date June 5, 1882; but no testimony whatever was given tending to show that defendant, Keel, had either made said payment, or was privy to the making thereof by Kirtland, or had knowledge that Kirtland had made such payment.

The plaintiff introduced the note and rested. The defendant undertook to prove the negative, that the alleged payment credited on the back of the note was not in fact made, especially by William Kirtland, and, therefore, not having been made in fact, though credited, the alleged cause of action was barred by the statute of limitations.

On whom does the burden of proving payment rest? By virtue of section 4980, Revised Statutes, the cause of action in this case would be barred by the statute of limitations within fifteen years after the making of the said payment endorsed as of date June 5, 1882.

Section 4992, Revised Statutes of Ohio, provides as follows: "(1.) When the payment has been made upon any demand founded on the contract; (2,) or a written acknowledgment thereof, or promise to pay the same has been made, and signed by the party to be charged, an action may be brought thereon within the time herein limited after such payment, acknowledgment or promise."

In the latter clause it is the acknowledgment or promise in writing signed by the party to be charged, that prolongs the right of action against him. Why? Because, by executing such promise in writing, he obligates himself anew, and to maintain an action under this latter clause of the statute, if the note was barred on its face, the party seeking to enforce collection, would have to allege and prove, not only the making of the note, but the making of the subsequent promise in writing.

And where a note has several joint makers, no one would claim that the acknowledgment and promise in writing by one of such joint makers would prevent the running of the statute against the others, who did not acknowledge or promise in writing. He could bind himself by his own written promise, but he could not bind the others.

Now, is not the rule exactly the same where it is claimed that the running of the statute is saved by payment having been made on the debt?

In the one case the cause of action is prolonged (in the case of a promissory note) for fifteen years from the time of the making of the promise in writing, upon the principle, that the debtor thereby renewed the promise by a new contract; and in the other upon the same principle, that he renewed the contract in the other mode provided by statute, viz.: by the payment of part of the obligation. The modes are different, but the principle is the same.

Therefore, in a case like the one at bar, where the note in question appears upon its face to be barred by the statute of limitations, and a payment endorsed thereon is relied upon to bring it within the exception provided by section 4292, the party relying upon such payment has the burden of proving that such payment was in fact made, and especially where, in a case like this, the party sought to be charged puts payment in issue by a denial thereof.

Does the introduction in evidence of a note with the endorsement of a credit on the back thereof, the credit not signed by the party to be charged, amount to *prima facie* evidence of such payment?

We think not. The endorsement of credit is not part of the note. It is not the act of the party sought to be charged. It is a mere memorandum, supposedly made by the holder thereof, and unlike the note itself, it is in no manner conclusive against the maker of the instrument.

It must be noted under the statute that it is not the endorsement of a credit on the note that takes the case out of the statute, but it is the payment, the language of the statute being, when payment has been made of any demand founded on contract.

Nothing is said about endorsement on the note. The endorsement of a payment is the mere method of convenience to the holder to perpetuate the date and amount, in convenient form. Suppose, in the case at bar, the alleged amount of date June 5, 1882, had in fact been made, but not endorsed on the back of the note. Does any one question the right of the party relying on such payment to prove the fact of such payment by the party sought to be charged to save his cause of action from the bar of the statute of limitations? Certainly not. He would have the undoubted right to make such proof, and if made, it would save the running of the statute. It might be more difficult to prove the payment to the satisfaction of a court or jury, but his right to do so is undoubted. The fact of payment or the right to prove it, it is in no wise dependent upon such payment being endorsed upon the instrument. Therefore, the introduction in evidence of a memorandum of payment endorsed upon the back of a note, and not made or acknowledged by the party sought to be charged, does not tend to establish such payment. If the rule were otherwise, it would open the door to unlimited fraud. It would enable a dishonest holder to make a fraudulent endorsement on the back of a note barred by the statute of limitations, and in a suit against the maker, give the note in evidence, rest his case, and thereby cast upon the victim of his fraudulent act the burden of proving the negative fact, viz.: that the payment thus apparently made and thus *prima facie* established, was not in fact made; and this, too, under a statute which makes the payment, and not

the endorsement, the saving clause by which the right of action is perpetuated.

The case at bar presents a good illustration of the impopriety of the latter rule.

Here the maker of the note is dead. His evidence as to whether he made the alledged payment of June 5, 1882, cannot be obtained. No memorandum or acknowledgment of said payment signed by him is claimed to be in existence. All the proof of such payment is to be found in the endorsement, supposedly made by the holder on the back of the instrument. Now, if this endorsement is proof, even *prima facie*, then the burden is thrown upon his executor to prove the negative fact of non-payment, and that was exactly what was attempted to be done in this case. He was not called upon to do it. When the plaintifl rested his case, he had established nothing that entitled him to recover in this action, and the subsequent proof did not supply the failure to prove the actual payment of the item of date June 5, 1882, without which proof the plaintiff's right of action, was clearly barred by the statute of limitations.

But even if the rule were not as here stated, and if the introduction in evidence of the endorsements on the back of the note tended to prove such payment, the plaintiff was, nevertheless, not entitled to recover under the evidence in the case.

Taking the evidence all together, the most that can be claimed for it is that it tended to prove that William Kirtland, the principal maker, made the payment of date June 5, 1882, on the note.

What if he did? That did not prevent the running of the statute as to Keel. This judgment is against Keel. It is not contended that Keel made the payment, and unless Keel made the payment he or his estate would not be liable in this action, for the reason that the statute continued to run as to him, and the right of action was clearly barred as to him when this action was begun.

William Kirtland, by making the payment, could thereby make a new contract binding upon himself, but he could not bind Keel by such payment, or make a new contract for Keel.

This is well settled in Ohio. First, in the case of *Marienthal* v. *Mosler*, 16 O. S., 566, where the court held that the payment of a dividend by the assignee of an insolvent debtor, was not such part payment as would take the case out of the statute as against the debtor, on the ground that it was not the act of the debtor.

Again, in *Hance* v. *Hair*, 25 O. S., 349, the same doctrine is upheld.

It is contended that *Glick* v. *Crist*, 37 O. S., 388, holds a contrary doctrine.

Instead of holding a contrary doctrine, it affirms the principle herein stated. In that case the surety stood by and saw the money paid, and consented to it, and it was held that, by so doing, it was equivalent to making the payment himself. We have been cited to the case of *Bank* v. *McIntire*, 40 O. S., 528, and it is contended that the court there holds that the burden of proof is upon the defendant. An examination of that case discloses that the question there decided has no relevancy whatever to the question at issue here.

The charge of the court was erroneous in this case, respecting where the burden of proof lay, and was contrary to and against the weight of the evidence and the law of the case.

**468**       OHIO DECISIONS.

Ottawa Circuit Court.

The judgment of the court of common pleas is therefore reversed, and the cause is remanded for further proceedings in accordance with law.

*E. T. Dunn*, for Plaintiff in Error.

*Kinder & Ross*, for Defendant in Error.